UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DARWIN GRAVITT,

       Petitioner,

v.                                   Case No. 2:11-CV-323

MICHAEL CURLEY,               HON. GORDON J. QUIST

       Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Darwin Gravitt, has filed objections to the Report and Recommendation ("R &
R") dated December 5, 2011, in which Magistrate Judge Greeley recommended that Petitioner's
habeas petition be denied.  Upon *de novo* review of the R & R, Petitioner's objections, and the
pertinent portions of the record, the Court will adopt the R & R.

The R & R put Petitioner on notice that this Court would dismiss his habeas petition as time-
barred unless Petitioner could show that he filed his petition within the time limitations set forth in
28 U.S.C. § 2244(d)(1) or that equitable tolling should apply.  Petitioner has not made a sufficient
showing of either.  This Court cannot ascertain any argument in Petitioner's objections, let alone an
argument that Petitioner has timely filed his habeas application.  Therefore, after giving Petitioner
fair notice and an adequate opportunity to be heard, this Court agrees with the R & R that
Petitioner's application should be dismissed as time-barred.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of
appealability should be granted.  A certificate should issue if Petitioner has demonstrated a
"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's
dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination
that the §2255 motion, on its face, lacks sufficient merit to warrant service.  It would be highly
unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  A certificate of appealability will be denied as to each issue raised by Petitioner because he has failed to make a "substantial showing of a denial of a constitutional right."  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 5, 2011 (Dkt. #11) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated:  December 30, 2011

/s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

2